WEIMER, J.,
concurs in part and dissents in part. I concur in the denial of the requested stay, but dissent from the denial of the defendant’s writ application. I would grant that application and order the trial court to conduct an in camera inspection to determine if there is additional undisclosed Brady material in the District Attorney’s file.
JOHNSON, J. would grant the writ application for the following reasons.
Given the serious nature of both the alleged misconduct of the State and the gravity of the sentence imposed, I would grant the defendant’s writ application, and order the trial court to conduct an in camera inspection of the District Attorney’s file to determine whether it contains additional undisclosed Brady[1] material.
Clearly, there is no “work product” exception for Brady material in either federal or state law. The accused has a constitutional right to exculpatory material that supersedes state legislative statutory privilege. Considering the recently disclosed evidence of the sole eyewitness’ visual impairments, I would grant a stay to allow the defendant his right to compulsory process in order to develop his claims in support of his motion for New Trial. Where a “witness may labor under a deficiency,” the defense should be afforded some latitude” in exploring the deficiency in order to satisfy the Sixth Amendment.[2]

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. State v. Robinson, 817 So.2d 1131, 1137 (La.2002).